UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LUCXENE SAINTIL (A 077 004 054)    CIVIL ACTION NO. 11-0652 "P"

VERSUS                             JUDGE DOHERTY

WARREN VIATOR; ERIC HOLDER
 PHILLIP T. MILLER                 MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Lucxene Saintil.  (Rec. Doc. 10).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED.

## ANALYSIS

On April 20, 2011, Lucxene Saintil initiated this lawsuit, filing a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. [Rec. Doc. 1].  In his petition, Saintil alleged that he was a native and citizen of Haiti, who had been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since December 6, 2010. [Rec. Doc.

1 at 5]  He alleged that he was taken into immigration custody on March 30, 2010.
[Rec. Doc. 1 at 8]  After six months, he was released from ICE custody on an order
of supervision on September 14, 2010[1]. [Rec. Doc. 1 at 8]  On December 6, 2010,
Saintil was again detained and informed that the Order of Supervision had been
revoked.  [Rec. Doc. 1 at 8]  He further alleged that, due to recent natural disasters
and political unrest in Haiti, it was likely he would be removed in the foreseeable
future. [Rec. Doc. 1 at 8]

Saintil argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six
months is the presumptively reasonable time period during which ICE may detain
aliens in order to effectuate their removal.  He further argues that the presumptively
reasonable time period elapsed on September 14, 2011.  He argues that his continued
detention beyond the presumptively reasonable six month time period constitutes a
statutory violation, a substantive due process violation, and a procedural due process
violation.  Saintil prayed that a writ of *habeas corpus* be issued directing that he be
released from custody.

On May 16, 2011, the undersigned ordered Saintil's petition served on the
government defendants and further ordered the defendants to answer the petition and

---

[1]Government records and submissions indicate the release on Order of
Supervision occurred October 8, 2010. [Rec. Doc. 8 at 2]

inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Saintil's detention is otherwise lawful. [Rec. Doc. 2]. On June 9, 2011, the government responded to Saintil's petition [Rec. Doc. 8], advising that the temporary suspension of removal of Haitians following the January 12, 2010 earthquake in Haiti had been lifted and that ICE did not anticipate any difficulty with the issuance of a travel document for Saintil. The government advised that Saintil's "removal is significantly likely to occur in the reasonably foreseeable future." (Rec. Doc. 8 at 2).

On July 12, 2011, Saintil was removed to Haiti on the order of an immigration judge. [Rec. Doc. 10-2 at 1-2]

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States...." Saintil was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied. After his petition was filed, however, Saintil was released from custody and removed to Haiti. [Rec. Doc. 10-2]. Accordingly, the undersigned finds that Saintil is no longer in ICE custody and that he has been removed from the United States which renders his petition for a writ of *habeas corpus* moot.

Therefore, the undersigned recommends that the government's motion to

dismiss [Rec. Doc. 10] be GRANTED, and that Saintil's petition for writ of *habeas corpus* [Rec. Doc. 1] be DISMISSED WITHOUT PREJUDICE, as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 18th day of August, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)